CONCURRING STATEMENT BY
LAZARUS, J.:
I respectfully concur. In my opinion, we need not expound on the collective knowledge doctrine in the instant case where no other officer, involved in the narcotics’ surveillance at 3202 Fairhill Street, had requested or authorized that Officer Gibson arrest Yong. See Commonwealth v. Kenney, 449 Pa. 562, 297 A.2d 794 (1972) (warrantless arrest upheld where arresting officer relies upon instruction to arrest from another officer who possessed required knowledge supporting probable cause). Accordingly, this case is resolved by determining whether Officer Gibson had probable cause to arrest Yong, or, simply, “whether the facts and circumstances within the knowledge of [Officer Gibson] at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that [Yong] has committed or is committing a crime.” Commonwealth v. Williams, 2 A.3d 611, 616 (Pa.Super.2010).
As the majority correctly recognizes, “there is nothing in the ... record to suggest that ... Officer Gibson received information, which, coupled with facts that he personally observed, provided probable cause to arrest Yong.” Majority Opinion, at 307. Accordingly, the trial court erred in denying Yong’s pretrial motion to suppress physical evidence uncovered as a result of his unlawful arrest and subsequent search of his person.